# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 16-CR-1021-LTS-3 |
| Plaintiff, | Case No. 16-mj-141 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| EDWARD BEHRENS, | |
| Defendant. | |

On the 9th day of May, 2016, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, Brian D. Johnson.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 2, 2016, Defendant Edward Behrens was charged by Criminal Complaint (docket number 9) with conspiracy to distribute methamphetamine. At the hearing, FBI Special Agent Scott Irwin testified regarding the circumstances underlying the instant charge. During an investigation of drug trafficking in eastern and central Iowa, authorities determined that Michael Bent obtained pound-quantities of methamphetamine from Chad Weyland for distribution to others in multiple-ounce quantities. A wiretap was conducted on Bent's phone from January to March 2016. Authorities also conducted surveillance using pole cameras, among other techniques. Authorities intercepted communications from Defendant involving the distribution of methamphetamine. On one occasion, Defendant was observed accompanying Bent to Waterloo to meet with what authorities believe was a new supplier of methamphetamine.

On May 5, 2016, authorities executed a search warrant at Defendant's residence near Benton, Wisconsin. A search of Defendant's vehicle revealed 33 bags of methamphetamine and a loaded handgun. Five additional guns were found in the house, together with approximately $10,000 in cash.

Defendant, age 50, has lived in the "tri-state area" most of his life. Prior to his arrest, he was employed as an energy auditor at New View Community Action Agency in Dubuque, and was described by his supervisor as a "good worker." His supervisor was unsure whether he could return to work, however, and needed to consult with "higher management." Defendant is divorced and has three adult children. Prior to his arrest, he was living with his girlfriend near Benton and would return to that residence if released.

Defendant is in generally good health, although he has dental surgery scheduled. He was previously prescribed anxiety medication, but stopped taking the medication because he did not believe it was working. Defendant's brother opined that Defendant has been "depressed and bi-polar for years." Defendant admits he previously drank to excess, but stated that within the past five years he drinks rarely. Defendant admitted using marijuana weekly and reported using "speed" occasionally. Defendant told the pretrial services officer that he last used speed the day before he was interviewed. Defendant tried "mushrooms" on one occasion about five years ago but has not used it since.

Defendant has only a limited prior criminal record. In 2002, at age 36, Defendant was convicted of battery. Charges of possession of marijuana and possession of drug paraphernalia were dismissed in 2007. In 2011, Defendant was charged with "substantial battery — intend bodily harm," but the charge was subsequently dismissed. According to Agent Irwin, the charge is related to Defendant's activities with the Matador Motorcycle Gang. According to Irwin, law enforcement in Wisconsin have advised that one should "use caution" when approaching Defendant. In 2011, Defendant was charged with

2

operating while intoxicated and possession of drug paraphernalia, but the disposition of those charges is unknown.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

3

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified

offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending further proceedings. While it is difficult to determine the "weight" of the evidence in a complex conspiracy case, wiretap evidence and surveillance suggests Defendant conspired with Michael Bent to distribute methamphetamine. Notably, when a search was conducted of Defendant's residence and vehicle last week, authorities found methamphetamine packaged for individual distribution, together with $10,000 in cash and multiple firearms. Defendant has been convicted of assaultive behavior in the past and is actively involved in a motorcycle gang. Wisconsin authorities have determined that "caution" is required when approaching Defendant.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 10th day of May, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA