**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. EDWARD BEHRENS, Defendant. | No. CR16-1021-LTS **ORDER ON DEFENDANT'S MOTION TO REOPEN DETENTION HEARING** |

## I. INTRODUCTION

This matter is before me on defendant's motion (Doc. No. 109) to reopen the detention hearing held on May 9, 2016, by Chief United States Magistrate Judge Jon Stuart Scoles. Plaintiff (the Government) has filed a resistance (Doc. No. 110) and defendant has filed a response (Doc. No. 111).

## II. PROCEDURAL HISTORY

On May 2, 2016, defendant was charged by complaint (Doc. No. 9 in No. 16-mj-141) with conspiracy to distribute methamphetamine.[1] On May 9, 2016, Judge Scoles conducted a preliminary examination and hearing on the Government's motion for pretrial detention. Assistant United States Attorney Lisa C. Williams appeared on behalf of the Government. Defendant appeared personally and with his attorney, Brian D. Johnson. The Government presented the testimony of FBI Special Agent Scott Irwin. The record before Judge Scoles also included information contained in the pretrial services report (Doc. No. 41 in No. 16-mj-141).

---

[1] The Grand Jury later returned an indictment (Doc. No. 10) charging defendant with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 846.

On May 10, 2016, Judge Scoles entered an order of pretrial detention in which he found (a) that probable cause existed to believe defendant committed the offense alleged in the complaint and (b) that there were no conditions that would reasonably assure the defendant's appearance as required and the safety of the community if he were to be released. Doc. No. 18 at 6. Defendant filed an appeal (Doc. No. 19) the following day. On June 3, 2016, I entered an order affirming the order of detention. Doc. No. 65.

### III. STANDARD OF REVIEW

A United States Magistrate Judge may issue orders "pursuant to Section 3142 of Title 18 concerning release or detention of persons pending trial . . . ." 28 U.S.C. § 636(a)(2). If the magistrate judge orders pretrial detention, the defendant may seek review by a United States District Judge pursuant to 18 U.S.C. § 3145(b). The district judge must then conduct a de novo review of the detention order. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc).

Title 18 U.S.C. § 3142(f)(2) allows the court to reopen a detention hearing under the following circumstances:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). Thus, the hearing may be reopened if (1) information exists that was not known to the movant at the time of the hearing and (2) that information has a material bearing on the issues of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of the community.

2

## IV. DISCUSSION

The offense charged in the indictment falls within the offenses listed in 18 U.S.C. § 3142(f)(1). As such, and as I found in my prior order, there is a presumption in favor of detention. With this presumption in mind, I will address whether defendant has presented any new and material information that would justify the reopening detention hearing.

Here, defendant argues that at the time of the detention hearing, his attorney was unaware of his affiliation with a motorcycle gang. Defendant states his attorney has now learned that the organization at issue (the Matadors Motorcycle Club) is not involved in any criminal activity. Defendant argues that the order of detention was based on this affiliation and that this new evidence is material, as it shows that he is not a danger to the community. I disagree.

My order affirming Judge Scoles' order of detention noted that defendant's criminal history included a violent offense (battery), that he had been involved with a motorcycle gang and that law enforcement in Wisconsin had been advised to use caution when approaching defendant. Additionally, and more importantly, I found that "standing alone, the evidence indicating that a loaded handgun and distribution quantities of illegal drugs were discovered in defendant's vehicle is strongly suggestive of dangerousness." Doc. No. 65 at 4. Even disregarding any possible involvement with a motorcycle gang, the evidence still overwhelmingly supports a finding of dangerousness. Thus, assuming the "new" information at issue "was not known to the movant at the time of the hearing" (which, frankly, seems highly doubtful), I find that it is not material to my determination that defendant presents a risk of danger to the community if he were to be released.

## V. CONCLUSION

For the foregoing reasons, it is hereby ordered:

1. Defendant's motion to reopen detention hearing (Doc. No. 109) is **denied**.

2. The period of time between the filing of defendant's motion and the filing of this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 7th day of September, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE